1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUAN MEDINA OCAMPO, et al., | Case No. 2:25-cv-02408-TMC |
| Petitioners, | ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| LAURA HERMOSILLO, et al., | |
| Respondents. | |

## I.    INTRODUCTION AND BACKGROUND

Petitioners are individuals who entered the United States without inspection between 1996 and 2024, were apprehended by Department of Homeland Security officials in 2025, and are detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 1–22; *see* Dkt. 4 ¶ 3; Dkt. 10 ¶ 2. Petitioners Juan Medina Ocampo and Joel Colindres Zamora each requested a bond hearing before an Immigration Judge ("IJ"), and both were denied on the basis that they were subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 3-3 at 2; Dkt. 21-2 at 2. Colindres Zamora's request was additionally denied based on the IJ's determination that he presents a flight risk. Dkt. 21-2 at 3. Medina Ocampo received bond in the alternative in the amount of $12,000. Dkt. 3-3 at 2.

Petitioners Rafael Alba Ceja, Adelaida Martinez Vazquez, Edwin Rojas Montes, Cristobal Sanchez Siquina, Jenifher De Los Angeles Rodriguez, Macario Bautista Sanchez, Santiago Dominguez Jimenez, and Jose Luis Carrillo Hernandez have not yet received bond rulings. *See* Dkt. 1 ¶¶ 4–5, 8–22; Dkt. 4 ¶ 7; Dkt. 6 ¶ 6; Dkt. 7 ¶ 6; Dkt. 8 ¶ 6; Dkt. 9 ¶ 6; Dkt. 10 ¶ 6; Dkt. 11 ¶ 6; Dkt. 20 at 4.

On November 26, 2025, Petitioners filed a petition for writ of habeas corpus, arguing that their mandatory detention violated the Immigration and Nationality Act ("INA") because they were entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 43–47. On December 5, Respondents filed a return to the habeas petition. Dkt. 20. On December 8, Petitioners filed a traverse. Dkt. 22. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus as to Medina Ocampo, Alba Ceja, Martinez Vazquez, Rojas Montes, Sanchez Siquina, De Los Angeles Rodriguez, Bautista Sanchez, Dominguez Jimenez, and Carrillo Hernandez. The Court DENIES the petition as to Colindres Zamora.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL

2782499, at *6 (W.D. Wash. Sept. 30, 2025).

The Court issued the following declaratory relief:

The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.* at *27.

Petitioners argue that their mandatory detention under § 1225(b)(2) is unlawful because they are members of the Bond Denial Class. Dkt. 1 ¶¶ 43–47. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioners are members of the Bond Denial Class for purposes of this matter. Dkt. 20 at 3.

As Federal Respondents note, even under § 1226(a)'s discretionary detention provision, Colindres Zamora is lawfully subject to detention based on the IJ's determination that he presents a flight risk. *Id.* at 4. Because his detention does not violate the Constitution or laws of the United States, habeas relief is not available to Colindres Zamora at this time. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.").

As for the remaining Petitioners, the only basis for their detention is the mandatory detention provision of § 1225(b). The Court incorporates the reasoning of *Rodriguez Vazquez*

and finds that they are subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27. Medina Ocampo, Alba Ceja, Martinez Vazquez, Rojas Montes, Sanchez Siquina, De Los Angeles Rodriguez, Bautista Sanchez, Dominguez Jimenez, and Carrillo Hernandez have thus shown that their mandatory detention under § 1225(b) violates the INA, entitling them to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED as to Petitioners Juan Medina Ocampo, Rafael Alba Ceja, Adelaida Martinez Vazquez, Edwin Rojas Montes, Cristobal Sanchez Siquina, Jenifher De Los Angeles Rodriguez, Macario Bautista Sanchez, Santiago Dominguez Jimenez, and Jose Luis Carrillo Hernandez. The petition for writ of habeas corpus is DENIED as to Petitioner Joel Colindres Zamora.

2.    Within ONE day of this Order, Respondents must either release Petitioner Juan Medina Ocampo or allow his release upon payment of the alternative bond amount of $12,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

3.    Within fourteen days of receiving Petitioner Rafael Alba Ceja's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

4.    Within fourteen days of receiving Adelaida Martinez Vazquez's request for a bond hearing, Respondents must either release her or provide her a bond hearing under 8 U.S.C. § 1226(a).

5.    Within fourteen days of receiving Edwin Rojas Montes's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

6.    Within fourteen days of receiving Cristobal Sanchez Siquina's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

7.    Within fourteen days of receiving Jenifher De Los Angeles Rodriguez's request for a bond hearing, Respondents must either release her or provide her a bond hearing under 8 U.S.C. § 1226(a).

8.    Within fourteen days of receiving Macario Bautista Sanchez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

9.    Within fourteen days of receiving Santiago Dominguez Jimenez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

10.   Within fourteen days of receiving Jose Luis Carrillo Hernandez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 10th day of December, 2025.

Tiffany M. Cartwright
United States District Judge